

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

FILED
AUG 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 13, 2006

Tony Axam, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
fax copy also to: 208-7515 (this page followed by 5 additional pages)

Re: <u>U.S. v. Dimas Elias Hernandez-Benitez</u>, ~~06-315-M-01~~ 06cr 223

Dear Mr. Axam:

This letter sets forth the plea agreement the government is willing to enter into with your client, Dimas Elias Hernandez-Benitez. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. This plea offer will remain open until July 19, 2006, except that the government reserves the right to withdraw this plea offer up until any time prior to entry of the guilty plea in Court. The terms of the agreement are as follows:

1. **Charge.** Your client agrees to waive indictment and plead guilty to an information to be filed in the United States District Court for the District of Columbia, which will charge your client with one count of Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a).

2. **Potential penalties and assessment.** Your client understands that pursuant to 8 U.S.C. § 1326(a)(2), the charge carries a maximum penalty of 2 years of imprisonment, a maximum fine of $250,000, or both, and a maximum period of supervised release of not more than one year. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

3. **Release/Detention pending sentencing.** Your client agrees not to object to the government's recommendation to the Court, at the time of the plea of guilty in this case, that pursuant to 18 U.S.C. § 3143, your client be detained without bond pending his sentencing in this case.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination in connection with the offense to which he is pleading guilty.

5. **Sentencing.** Your client fully and completely understands that the determination of his sentence will be made solely by the Court and that the government's recommendation is not binding upon the Court or the United States Probation Office. Your client understands and agrees that he will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the guilty plea on that basis may be treated by the government as a breach of this plea agreement.

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a), and (c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the government at the time of sentencing.

The government agrees in this case not to oppose a sentence at the low end of the applicable guideline range. The government further agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by two levels for his acceptance of responsibility, provided that your client cooperates and is truthful and candid during any pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office, or the government concerning any issue relevant to the imposition of sentence.

6. **Deportation.** Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to

2

detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

7. **Allocution.** Your client understands that the government reserves its full right of allocution for purposes of sentencing, except as stated in section 5., above. Nonetheless, the government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct. The government also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

8. **Prosecution by other agencies/jurisdictions.** This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These offices and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

9. **Interpreter.** Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

10. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

3

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the government shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the government reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **No other agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

by: *[signature]*

Micheal C. Liebman
Assistant United States Attorney
353-2385

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

8/16/06
Date

x Dimas Hernandez
Dimas Elias Hernandez-Benitez, defendant

### Defense Counsel's Acknowledgment

I am defendant Dimas Elias Hernadez-Benitez's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the government.

8/16/06
Date

Tony Axam, Esquire
Assistant Federal Public Defender