```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**        )
                                    )   No. 06-cr-223-RBW
    **v.**                            )
                                    )
**DIMAS HERNANDEZ-BENITEZ**          )

<u>Government's Motion To Revoke Supervised Release</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves to revoke defendant Hernandez-Benitez's supervised release.

<u>Background</u>

On December 12, 2005, the defendant was deported to El Salvador via Washington Dulles International Airport.

On May 31, 2006, at approximately 10:15 p.m., Metropolitan Police Department officers arrested the defendant in the 2400 block of Fourteenth Street, N.W., Washington, D.C., on a bench warrant in a Superior Court matter.  The following day, the Bureau of Immigration and Customs Enforcement (ICE) lodged a detainer against the defendant.

On June 2, 2006, the defendant was taken into custody by ICE agents, pursuant to the detainer.[1]  After being advised of and waiving his rights, he was once again interviewed.  During the interview, he acknowledged that he was a citizen of El Salvador, that he had been deported from the United States, that he had illegally re-entered the United States around April 12, 2006,

---

[1] The Superior Court matter underlying the bench warrant had been dismissed previously.

near Brownsville, Texas, and that his current status in the United States was "illegal."  He also acknowledged that he had a "fake resident alien card" in the name of Andres Hernandez, but the card was not in his immediate possession.

In addition, the defendant admitted to the agents that he had previously been a member of "La Mara R," a violent street gang active in the D.C. area and composed of boys and young men from El Salvador.  The defendant stated he joined the gang about two years earlier, through an initiation proceeding where he was "jumped," i.e., assaulted, by five gang members for about 13 seconds.

Following this statement, on June 2, 2006, the defendant was ordered administratively detained, by the authority of the ICE Special Agent-in-Charge, Washington Field Office, pending the defendant's anticipated (re-)deportation.

On July 12, 2006, an ICE special agent obtained a warrant for the defendant's arrest on a complaint charging him with unlawful re-entry, which warrant was executed that same day. Following his initial appearance on the same date, he was ordered held without bond by Magistrate Judge Alan Kay.

On August 16, 2006, the defendant waived indictment and pled guilty to this Court, pursuant to a plea agreement, to a one-count information charging him with illegally re-entering the

United States, after being deported. He was once again ordered held without bond.

On November 15, 2006, the defendant was sentenced to time served to be followed by a one-year period of supervised release. Although a new ICE detainer was pending against him, for reasons unclear, he was released from custody.

On May 11, 2007, an arrest warrant was issued for the defendant based on his failure to report to the U.S. Probation Office following his release, a violation of a standard condition of the defendant's supervised release. The warrant was executed on May 16, 2007.

<u>Additional Violations of Conditions of Supervised Release</u>

The government submits that the defendant has committed additional violations of his supervised release conditions, specifically, by committing new federal criminal violations. Following his release from custody in November 2006, the defendant obtained employment at Lauriol Plaza, a Spanish and Mexican restaurant located at 1835 18th Street, N.W., Washington, D.C. On a IRS form W-4 he provided to his employer, the defendant indicated that his social security number was 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, when in fact the defendant has not been assigned any social security number. In addition, on a INS form I-9 he provided to his employer, he also listed that number as his social security number and checked the box indicating he was a lawful permanent

resident of the United States, which is false. The defendant signed both documents. (Copies of both documents are attached.)

The government submits that these documents are proof of at least two, and possibly three, violations of the general false statement statute, 18 U.S.C. § 1001. Upon conviction, a single violation of that statute, in a non-terrorism matter, carries a maximum term of imprisonment of five years. Id. In addition, because the W-4 form was signed under penalty of perjury, the statement regarding the social security number that appears on the form also constitutes a violation of 26 U.S.C. § 7606, a three-year felony. Finally, the false statements on the I-9 form constitute violations of 18 U.S.C. § 1015(a), a five-year felony.

## Conclusion

The Court should revoke the defendant's supervised release for the failure to report as required to the U.S. Probation Office and for making the false statements outlined above. A propose Order is attached.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

by: _____
    Michael C. Liebman
    Assistant United States Attorney
    D.C. Bar No. 479562
    555 Fourth Street, N.W., room 4231
    Washington, D.C.  20530
    353-2385
    michael.liebman@usdoj.gov